UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 23-02236-CBM (DFM) | Date: | April 5, 2024 |
|---|---|---|---|
| Title | Zhoie Perez v. City of Beverly Hills et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiffs: | Attorney(s) for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

Plaintiff filed the operative Second Amended Complaint in this action on January 4, 2024. See Dkt. 25 ("SAC"). The SAC asserts claims against four defendants: the City of Beverly Hills, Beverly Hills Police Department Officers Wilhelm and Aceves, and John Doe, identified as a "congregant of the Magen David Synagogue of Beverly Hills." See id. ¶¶ 2, 4. The City and Officer Aceves have each moved to dismiss the claims against them, and the Court has taken those motions under submission. See Dkts. 29, 30, 36, 38. Defendant Wilhelm has filed an Answer. See Dkt. 41.

To date, there is no record that Plaintiff has identified or served the SAC on John Doe. In an order issued on February 13, 2024, the Court explained that Plaintiff is permitted to conduct limited discovery for the purpose of ascertaining Doe's identity but that it is Plaintiff's responsibility to identify Doe and serve the summons and SAC on him. See Dkt. 38. Plaintiff appears to have responded to this portion of the Court's order in her opposition to Aceves's motion to dismiss. See Dkt. 42. Plaintiff states:

> In regard to accessing the identity of the JOHN DOE in the complaint, I had made a previous attempt to Subpoena the Incident/Police report for this particular incident to gain the name and address of JOHN DOE. I also made a Public Records Request for the same document and on both occasions were denied by the named Defendants access to the documents. It is a fact that the name and address of JOHN DOE are located on that report as JOHN DOE was the one to make the False allegations that led to this legal action. The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

> is permitting under Gillespie v. Civiletti, access to this report, but the Defendants having the only records of JOHN DOES identity have and are currently blocking any and all access to said information.

Id. at 3. Plaintiff also attaches records of an email sent to Tatiana Le (whom Plaintiff identifies as affiliated with Defense counsel) requesting a "the un-redacted Incident/Police report" for the incident described in the SAC. See id. at 4.

The Court assumes that the subpoena referenced in Plaintiff's opposition filing is the same subpoena filed with the Court earlier in this case. In May 2023, Plaintiff filed a copy of a subpoena served on the City, which commanded the production of: "Beverly Hills police officers body worn camera footage for all officers that responded to the incident at the Magen David Synagogue on April 24, 2021. The police report along with any and all documents related to this incident. The camera footage from the responding officers patrol vehicle, specifically the one that ZHOIE PEREZ was detained in. Any and all documents that have the name ZHOIE PEREZ or FURRY POTATO. The unredacted police report, as un-named Defendants are in this police report." Dkt. 10 at 2. The City filed objections to the Subpoena, arguing that the discovery request was premature and that the subpoena was not properly served on the City. See Dkt. 11 at 1-2.

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Here, Plaintiff has not identified Doe or effected service within 90 days of filing the SAC. The Court understands that Plaintiff attempted to subpoena various records and camera footage from the City that, she argues, would enable her to ascertain Doe's identity. However, the scope of Plaintiff's request in that subpoena exceeds the limited scope of discovery permitted at this stage of the case (i.e., discovery solely for the purpose of identifying Doe).[1] There is no indication that Plaintiff attempted to serve any further

---

[1] Further, the City's objections regarding improper service of the subpoena are well-taken. See Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

discovery request on the City that is properly limited in scope. <u>See, e.g.</u>, Fed. R. Civ. P. 31 (explaining rules governing depositions by written questions). Plaintiff's email to Defense counsel demanding an unredacted copy of the police report does not suffice as a proper discovery request. Moreover, while Plaintiff complains in her opposition filing that the City is hindering her ability to ascertain John Doe's identity, she has not filed any formal motion or request with the Court to attempt to resolve this issue (e.g., a joint stipulation or motion to compel under Fed. R. Civ. P. 37; L.R. 37).

It is Plaintiff's responsibility to prosecute her action diligently and move the case toward completion at a reasonable pace. The fact that the John Doe remains unidentified and unserved hinders this case's progression. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE in writing no later than fourteen (14) days from the date of this Order** why her claims against John Doe should not be dismissed without prejudice. In lieu of a written response, the Court will construe the filing of any of the following as sufficient to discharge this order: (1) a notice of voluntary dismissal (form CV-09) dismissing John Doe from this action; (2) a Motion to Amend the SAC to replace "John Doe" with the actual name of this defendant; or (3) documentation showing that Plaintiff has properly served a discovery request on Defense counsel and the City that is limited in scope (i.e., seeks only the name and contact information of John Doe) or an affidavit stating the same.

---

premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.").